ALD-055                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3244
_____

IN RE:  JOSEPH LOUIS FOLKS,
                                                    Petitioner
_____

On a Petition for Writ of Mandamus
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 6, 2022
Before:  JORDAN, RESTREPO, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 12, 2022)
_____

OPINION[*]
_____

PER CURIAM

In 1993, Joseph Louis Folks was convicted in the Delaware Superior Court of two

counts of first-degree sexual intercourse with a minor and was sentenced to thirty-five

years of Level V incarceration, suspended after thirty years for decreasing levels of

supervision.  Folks was released on probation in February 2019, but he soon violated the

conditions of his release.  In April 2019, the Delaware Superior Court discharged his

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

conditional release for his first unlawful sexual intercourse conviction and sentenced him to five years' incarceration for the second conviction.[1]

In March 2021, Folks filed in this Court a petition for a writ of mandamus. He asserted that the Delaware Superior Court lacked subject matter jurisdiction to convict him and asked us to order his immediate release. We denied the petition because, among other reasons, a federal court generally may not issue a writ of mandamus to compel action by a state court or state official.

Folks again petitions this Court for a writ of mandamus. He reasserts his contention that the Delaware Superior Court lacked jurisdiction to convict him and adds several additional challenges to his convictions.

We will deny the petition. Our mandamus jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of [our jurisdiction] and agreeable to the usages and principles of law." Absent circumstances not present here, a federal court may not issue a writ of mandamus to compel action by a state court or state official. See generally In re Grand Jury Proceedings, 654 F.2d 268, 278 (3d Cir. 1981). Therefore, we lack authority to compel the Delaware Superior Court to release Folks.

---

constitute binding precedent.
[1] Folks has unsuccessfully challenged his convictions in several federal habeas corpus proceedings.